THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NATHAN HAMBLIN, Defendant-Appellant.

Fourth District   Nos. 4—91—0036, 4—91—0078 cons.

Opinion filed August 16, 1991.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

The sole issue presented by this appeal is whether the 120-day period of the speedy-trial statute (Ill. Rev. Stat. 1989, ch. 38, par. 103—5) requires a continuous period of incarceration. We hold that it does not.

The facts are not in dispute. In case No. 4—91—0078, defendant was indicted on June 23, 1988, and charged with one count of unlawful delivery of cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) and one count of unlawful delivery of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 705(d)). On June 30, 1988, defendant was arrested on these charges and secured his release by posting the $1,000 cash bond set on the bench warrant.

In case No. 4—91—0036, defendant was charged by information on January 25, 1990, with criminal damage to property over $300 (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a)) and arrested on that date. That charge was later superseded by an indictment. On January 25, 1990, defendant's bail bond was revoked and he was taken into custody on the drug charges in case No. 4—91—0078.

Defendant was released on bail in case No. 4—91—0078 on March 12, 1990; and on March 13, 1990, he was released on bond in case number 4—91—0036. Defendant was next required to appear in both cases on June 27, 1990. He failed to appear on that date, and warrants were issued for his arrest. On June 29, 1990, defendant was arrested on those warrants and thereafter held in custody in each case pending further proceedings.

On September 26, 1990, defendant filed a petition for discharge under section 103—5 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 103—5), alleging that he had been in custody for more than 120 days and that there were no delays attributable to him which caused him not to be tried on the pending charges. The trial court conducted a hearing on that motion and denied it, holding that the 120-day period referred to in section 103—5 of the Code had to be continuous. Defendant was subsequently tried and convicted on all charges and sentenced to the Illinois Department of Corrections.

The statute in question reads as follows:

> "Speedy trial. (a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***.
> ***

(c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days.

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance.

(e) If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subsections (a) and (b) of this Section. ***

(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subsections (a), (b), or (e) of this Section and on the day of expiration of the delay the said period shall continue at the point at which it was suspended. Where such delay occurs within 21 days of the end of the period within which a person shall be tried as prescribed by subsections (a), (b), or (e) of this Section, the court may continue the cause on application of the State for not more than an additional 21 days beyond the period prescribed by subsections (a), (b), or (e)." Ill. Rev. Stat. 1989, ch. 38, par. 103—5.

In *People v. Sonntag* (1984), 128 Ill. App. 3d 548, 553-54, 470 N.E.2d 631, 635-36, the court dealt with the same issue with which we are confronted and wrote the following:

"As the speedy-trial provisions of section 103—5 implement the right to a speedy trial guaranteed by the Illinois Constitution, the statute is to be liberally construed. [Citations.] Our supreme court has stated that it will avoid technical constructions which frustrate the purpose of our State's speedy-trial provisions. [Citation.]

The State has not referred us to any policy considerations or legislative debate which would support its position that a narrow interpretation of the 120-day statutory provision should be applied so that a continuous period of incarceration is required under section 103—5(a). Here, the defendant was in custody after his bond was revoked for the same offense for which

he was originally incarcerated. The 120-day period prescribed in section 103—5(a) commences to run on the date defendant is in custody for the offense for which discharge is sought. [Citation.] Although defendant was released on a recognizance bond for a period of time until that bond was terminated by the court for failure to comply with its conditions, we believe that the delay in trial occasioned by defendant by his release from custody should only temporarily suspend for the time of the delay the time within which he should be tried. *** Thus, under the particular circumstances present here, we conclude that the defendant may combine two separate periods of incarceration in determining whether he has been in custody in violation of the 120-day statutory period prescribed in section 103—5(a)."

■■ There is no dispute in the record before us that defendant was held in custody well in excess of 120 days if the different periods of time in which he was in custody on these charges can be aggregated. Following the decision in *Sonntag*, we hold that the periods can be aggregated. Accordingly, defendant was held in custody in violation of the provisions of section 103—5 of the Code and his convictions must be reversed.

Were we to accept the State's argument that different periods of defendant's custody could not be combined when determining whether he has been in custody for more than 120 days in violation of section 103—5 of the Code, then each time a defendant was released and later taken into custody again, the 120-day "clock" would start to run anew. Such an interpretation would render meaningless the language of section 103—5(f) of the Code, which states that a delay occasioned by the defendant "shall temporarily suspend for the time of the delay the period within which a person shall be tried." (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(f).) That language clearly contemplates the adding together of periods of custody after the delay occasioned by the defendant has ceased.

■ We also disagree with the State that the present case can be meaningfully distinguished from *Sonntag* on the basis that here defendant's failure to appear was wilful. There is no indication in *Sonntag* that this distinction would have made any difference in that court's holding, and we see no reason why it should here.

The State also contends that were we to agree with defendant's argument, a "dangerous precedent" would be set, as explained in the following excerpt from the State's brief:

"In future cases, defendants could bond out on day 119 of custody, remain out on bond for a period of time while the cause is

set for trial in accordance with the 160-day rule, make no written demand for speedy trial, willfully violate a mandate of the court and be arrested, and then be eligible for dismissal or reversal if he is not tried the next day. This cannot be the intent of our legislature in enacting the Speedy Trial Act."

While we give the State credit for a nice try, we are unpersuaded. We note that section 103—5(f) of the Code provides that the State may be granted an additional 21 days in which to bring a defendant to trial beyond the original 120-day period when a delay occasioned by the defendant temporarily suspends the time within which he must be tried and that delay occurs within 21 days of the end of the 120-day period. Certainly the defendant's failure to appear for trial is a delay attributable to him within the meaning of section 103—5 of the Code. Thus, when he is rearrested on the 120th day (following the State's hypothetical), the State may be granted an additional 21 days in which to bring the defendant to trial, and we can hardly imagine a court that would deny the State's request for additional time under those circumstances.

Further, we note that section 103—5(c) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(c)) authorizes the court to grant an additional 60 days to the State in which to bring the defendant to trial if, despite its exercise of due diligence, the State is unable to obtain evidence material to the case and there are reasonable grounds to believe that such evidence may be obtained at a later day. Thus, if a defendant's failure to appear for trial has disrupted the State's ability to garner its evidence, then when the defendant finally does appear, the State may be given up to an additional 60 days in which to bring its case to trial.

We point out that the court in *Sonntag* also dealt with questions arising under section 103—5 of the Code regarding an examination of a defendant to determine his fitness to stand trial. (*Sonntag*, 128 Ill. App. 3d at 554-59, 470 N.E.2d at 636-39.) None of the discussion in *Sonntag* on that subject is before us in this appeal, and nothing in this opinion should be construed as a comment one way or another on that discussion.

For the reasons stated, defendant's convictions and sentences in each of these consolidated cases are reversed.

Reversed.

LUND, P.J., and McCULLOUGH, J., concur.